IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

BOBBY LEE ROBERTSON
ADC # 121746                                                                           PETITIONER

V.                         CASE NO. 5:17-CV-00205-BRW-JTK

WENDY KELLEY, Director                                                      RESPONDENT
Arkansas Department of Correction

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Billy Roy Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

For the reasons explained below, it is recommended Petitioner's Petition for Writ of Habeas Corpus (DE # 2) be DISMISSED with prejudice.

## Procedural History

On September 17, 2014, the Petitioner plead guilty to one count of delivery of methamphetamine and was sentenced to five (5) years' suspended imposition of sentence. (DE # 8-2) In July of 2015, the state filed a petition to revoke Petitioner's suspended sentence alleging he had violated his conditions by delivering controlled substances. (DE # 8-4) A hearing was held on the petition to revoke, and on October 5, 2016, the trial court revoked Petitioner's suspended sentence and sentenced him to 240 months in the Arkansas Department of Correction. (DE 8-5)

Petitioner appealed his conviction to the Arkansas Court of Appeals and argued that: (1) the trial court's finding he had violated the terms of his suspended sentence was "against the

preponderance of the evidence where evidence failed to show the confidential informant was searched prior to the CI's purchase of suspected controlled substance from appellant" and (2) the suspended sentence and revocation proceedings were void because his underlying sentence was an illegal sentence. (DE # 8-6)  The Arkansas Court of Appeals affirmed the Petitioner's conviction and sentence on September 7, 2016. *Robertson v. State*, 2016 Ark. App. 379.

In November of 2016, the Petitioner filed a post-conviction petition pursuant to Arkansas Rule of Criminal Procedure 37.1. In his petition, he argued that the trial court did not have jurisdiction over him because the initial felony information was signed by a deputy prosecutor rather than an elected prosecutor, and that the court did not have authority to suspend imposition of sentence against him. (DE # 8-8)  The trial court dismissed the Rule 37 petition on April 20, 2017, stating that the issues had already been litigated and rejected by the Arkansas Court of Appeals, and furthermore, that the petition was untimely. (DE # 8-9)  Petitioner did not appeal the denial of his Rule 37 petition.

On August 7, 2017, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming that: (1) the trial court's finding that he violated the terms of his suspended sentence was against the preponderance of evidence because the evidence failed to show that the confidential informant ("CI") had been searched prior to her purchase of drugs, and (2) his revocation proceeding was void because his underlying sentence was void. (DE # 2) Respondent admits that Petitioner is in her custody and that there are currently no non-futile state remedies available to him. She argues, however, that the petition should be denied because Petitioner's first claim was raised on direct appeal to the Arkansas Court of Appeals, and this Court should give deference to the holding of the state appellate court, and that his second claim raises a state law issue, which is not cognizable in federal habeas review. (DE # 8)  Petitioner filed his reply to the

Respondent's response stating that his petition raises a question of jurisdiction, and therefore, the Respondent is required to resolve and answer the fact of law. (DE # 11)

## Discussion

With regard to Petitioner's first argument, because the Arkansas Court of Appeals addressed this claim on the merits, Petitioner must show that the decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). A state court's decision is contrary to clearly established Supreme Court precedent when it is opposite to the Court's conclusion on a question of law or decided differently than the Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court's determination is an unreasonable application of Supreme Court precedent if it unreasonably refuses to extend a legal principle to a new context where it should apply. *Carter v. Kemna*, 255 F.3d 589, 592 (8th Cir. 2001) (citing *Williams*, 529 U.S. at 407). "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect." *Id*. (quoting *Williams*, 529 U.S. at 410-11).

The record clearly shows that Petitioner was videotaped at his house handing five (5) white pills to the CI and that such conversation between the two was recorded. (Record at 100-101). David Turney of the Arkansas State Police testified at trial that he searched the CI, equipped her with an undercover video camera, gave her drug-buy money, and dropped her off near the meeting location. (Record at 80 and 86). The CI then walked back to meet Mr. Turney and handed over the white pills (Record at 80), which were tested by the state crime laboratory and confirmed to be morphine. (Record at 144). Furthermore, the CI testified at trial that the pills she handed over to Mr. Turney were the ones that she received from the Petitioner (Record at 100), and on redirect examination she denied exchanging the pills Petitioner sold her for something else before returning

to the officers. (Record at 105). Given the evidence, it was not unreasonable for the state court to determine that a preponderance of evidence established Petitioner had violated the conditions of his probationary term by committing the criminal offense of delivery of a controlled substance. The state court's determination, therefore, was not contrary to, nor did it involve an unreasonable application of, clearly established federal law.

Petitioner's second argument is that pursuant to Arkansas Code Annotated § 5-4-301(a)(2)(A) the trial court improperly suspended his original sentence because he previously had been convicted of two or more felonies. It is well established that "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990); *see also Pulley v. Harris,* 465 U.S. 37, 41 (1984). Instead, this Court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241; *Rose v. Hodges,* 423 U.S. 19, 21 (1975) (*per curiam* ). The Eighth Circuit has held that errors in the interpretation and application of state law do not rise to the level of a constitutional violation cognizable in a federal habeas petition. *Higgins v. Smith*, 991 F.2d 440, 442 (8th Cir. 1993). Therefore, because Petitioner's argument concerns only a state law issue, it does not present a cognizable issue for federal habeas review.

## Conclusion

Based on the foregoing, it is recommended that the instant petition (DE # 2) be denied and dismissed with prejudice. It is further recommended that the District Court not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 16th day of January, 2018.

_____
UNITED STATES MAGISTRATE JUDGE